UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21397-MC-HOEVELER

EFG CAPITAL INTERNATIONAL CORP.,

     Applicant,

v.

ALVARO EDUARDO JOAQUIN,
FRANCISCO PEREZ DE CASTRO, and
MARIA CECILIA PENNA,

     Respondents.

_____/

## ORDER DENYING RESPONDENTS' MOTION TO DISMISS

This Cause comes before the Court upon the Respondents' Motion to Dismiss the Applicant's claims for malicious prosecution (Counts 2 and 3). Applicant opposes the motion to dismiss, arguing that such claims properly were brought in this proceeding.

## BACKGROUND

According to the parties, Applicant EFG provides banking services for customers of EFG Bank as a broker-dealer. Respondents, residents of Argentina, were customers of EFG and EFG Bank for many years and are subject to a written agreement executed when they opened their accounts in September 1996, and additional agreements entered into in 2001. According to that contract, the Respondents agreed to submit disputes to arbitration. In April 2006, Respondents initiated an arbitration proceeding against EFG, alleging that EFG recommended unsuitable investments, committed fraud, etc., and sought $280,000 in

compensatory damages (plus punitive damages, attorneys' fees, and costs).  An arbitration hearing was held in October 2007, and the arbitration panel ruled against Respondents on all of their claims, finding the claims to be "factually impossible or clearly erroneous".  At the hearing, Respondent Perez de Castro stated that he knew that he was responsible for EFG's attorneys' fees and costs.

Also in April 2006, non-parties Mr. and Mrs. Valles filed identical arbitration claims against Applicant seeking $168,000 in damages.  (Mr. Valles is alleged to be a friend of Respondent Perez de Castro, and Respondent previously admitted that he drafted a complaint letter for Mr. Valles, and that he introduced Mr. Valles to the Miami-based attorneys who represented Respondents and the Valles in their arbitration proceedings.)  The Valles, in response to Applicant's request (after the entry of the award in its favor in the arbitration brought by Perez de Castro and Penna), dismissed their arbitration.

## ANALYSIS

This action was filed in May 2008 to confirm an arbitration award and seeking attorney's fees and costs.  After Respondents indicated that they did not oppose the Applicant's request for partial summary judgment confirming the arbitration award, the Court granted the request, and retaining jurisdiction over the remaining claims for fees and costs.  Less than one month later, Applicant filed an "Amended and/or Supplemented Application" adding two Counts to the original claim for confirmation of the arbitration award, claiming malicious prosecution in

2

bringing the arbitration and demanding that Respondents pay $228,568.44 in damages (Count 2), and claiming that Respondents assisted in the malicious prosecution of the arbitration brought by the Valles and must pay $82,134.21 in damages (Count 3).

Respondents seek dismissal as to the claims of malicious prosecution, i.e., the new claims in Count 2 and Count 3 for approximately $310,000 in fees, costs, and expenses for defending the arbitrations, arguing that to permit the tort of malicious prosecution to include claims based solely on arbitration proceedings would improperly expand the tort beyond the scope of binding precedent.   Applicant disagrees, and suggests that there must be a remedy to address conduct such as the conduct of the Respondents herein, i.e., allegedly having brought a baseless claim to arbitration.  While the Court finds merit in some of Respondents' arguments, the Court will not dismiss these claims at this time.[1]  Based on the above, it is

ORDERED AND ADJUDGED that the motion to dismiss Counts II and III is DENIED.[2] [Count I already has been the subject of this Court's entry of Final Summary Judgment (on December 17, 2010) confirming the arbitration award.]

DONE AND ORDERED in Chambers in Miami this ___ day of March 2012.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

copies:  counsel of record

_____

[1]Counsel for Respondents subsequently withdrew from representation, after the motion to dismiss was fully briefed.

[2]The Applicant's request for oral argument on Respondents' motion to dismiss is DENIED, as moot.